UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| AIMEE O'NEIL, | Case No. 2:20-cv-01204-GMN-EJY |
| Plaintiff, | **ORDER** |
| v. | **and** |
| STATE OF NEW YORK, | **REPORT AND RECOMMENDATION** |
| Defendants. | Re: ECF Nos. 1 and 1-1 |

Presently before the Court is Plaintiff Aimee O'Neil's Application to Proceed *In Forma Pauperis* (ECF No. 1) and Complaint (ECF No. 1-1) filed on June 24, 2020.

I.   *In Forma Pauperis* **Application**

Plaintiff submitted the declaration and information required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. ECF No. 1. Therefore, Plaintiff's *in forma pauperis* application is granted.

II.   **Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### III.    DISCUSSION

Plaintiff's Complaint identifies the State of New York as the only defendant. ECF No. 1-1. To the extent Plaintiff's Complaint is understandable, she appears to allege gender discrimination and interference with her constitutional right to pursue life, liberty, and happiness by the State of New York. *Id.* at 5-6 and 8. Plaintiff makes numerous references to being followed, tortured, and harassed. Plaintiff seeks money damages of $32 million, as well as injunctive relief "restraining all NYS involvement in following … [her] and subjecting … [her] to any further non-consenting abuse." *Id.* at 31.

Assuming Plaintiff asserts an identifiable cause of action, her claim for money damages is barred by the Eleventh Amendment's guarantee of sovereign immunity. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974) ("an unconsenting State is immune from suits brought in federal courts by… citizens of another State."); *Hans v. Louisiana*, 134 U.S. 1, 11 (1890) (holding that federal courts lack jurisdiction in cases where "a state was sued by the citizens of another state"). Where "the action is in essence one for the recovery of money from the state, the state… is entitled to invoke its sovereign immunity from suit[.]" *Ford Motor Co. v. Dept. of Treasury*, 323 U.S. 459, 464 (1945). This bar includes 42 U.S.C. § 1983 actions against states, as Congress, "in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity and… alter the federal-state balance." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989).

With respect to Plaintiff's claim for injunctive relief, in *Ex Parte Young,* 209 U.S. 123 (1908), the Supreme Court held that the state sovereign immunity does not bar a suit that seeks to enjoin a state official from taking unconstitutional action. *See id.* at 149-156; *cf. Rounds v. Oregon State Bd. of Higher Educ.,* 166 F.3d 1032, 1036 (9th Cir. 1999) ("*Ex Parte Young* provide[s] a narrow exception to Eleventh Amendment immunity for certain suits seeking declaratory and injunctive relief against unconstitutional actions taken by state officers in their official capacities"). Here, Plaintiff's allegations against the State of New York are largely incoherent statements and do not allow the Court to infer any cognizable cause of action, let alone a constitutional wrong that is redressable by this Court. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Knapp v. Hogan,* 738 F.3d 1106, 1109 (9th Cir. 2013).

## IV.   ORDER

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint against the State of New York seeking prospective injunctive relief be dismissed without prejudice. Plaintiff may file an amended complaint on or before **July 28, 2020.** The amended complaint must cure the deficiencies and demonstrate how the issues complained of resulted in a deprivation of Plaintiff's federal constitutional or statutory rights. Defendant's conduct must be identifiable in some manner that will provide notice of comprehensible claims to the State of New York including the grounds on which Plaintiff's claims are based and how such grounds are redressable in a federal district court sitting in Nevada.

If Plaintiff fails to comply with this Order, the court may, without further notice, recommend dismissal of Plaintiff's claim for injunctive relief for failure to state a claim. *See Ferdik v. Bonzelet,* 963 F.2d 1258, 1260–61 (9th Cir.1992) (a district court may dismiss an action for failure to comply with any order of the court).

## V. REPORT AND RECOMMENDATION

IT IS HEREBY RECOMMENDED that Plaintiff's Complaint against the State of New York for money damages be DISMISSED with prejudice as amendment would be futile.

Dated this 7th day of July, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).